IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RICHARD LYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 619-103 |
| | ) |
| TIMOTHY C. WARD, Commissioner; | ) |
| TERENCE KILPATRICK, Deputy Warden; | ) |
| and DEPUTY WARDEN BROWN, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Smith State Prison in Glennville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's

complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice and the pending motions be **DENIED AS MOOT**.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or

detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits, and if so, whether any such IFP case was dismissed as frivolous, malicious, or for failure to state a claim. (Doc. no. 1, pp. 2-4, 10.) If there is more than one such lawsuit, the additional lawsuits must be listed in the space provided or described on another piece of paper. (Id. at 2, 4.)

## II.     DISCUSSION

### A.     Plaintiff's Abuse of Judicial Process

Here, Plaintiff stated he had filed four prior federal cases and three cases in the state courts of Georgia. (Id. at 2-3, 10.) Plaintiff further stated none of his prior federal IFP cases had been dismissed as frivolous, malicious, or for failure to state a claim. (Id. at 4.) However, the Court is aware of three other federal cases Plaintiff filed, but failed to disclose, one of which was dismissed for failure to state a claim: (1) Lynn v. Jackson, 1:13-cv-3600 (N.D. Ga. Oct. 30, 2013) (dismissed for failure to prosecute); (2) Lynn v. Taylor-Lee, 1:13-cv-3507 (N.D. Ga. Oct. 23, 2013) (dismissed for failure to state a claim); and (3) Lynn v. Warren, 1:11-cv-2898 (N.D. Ga. Aug. 29, 2011) (dismissed for failure to prosecute).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

3

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). As discussed above, Plaintiff's disclosures concerning his prior federal lawsuits was blatantly dishonest. Accordingly, this case should be dismissed without prejudice as a sanction for the dishonesty.

### B.     Pending Motions Should Be Denied

On November 7, 2019, Plaintiff filed a document titled as an "Order to Show Cause for Preliminary Injunction," and attached thereto is a "Memorandum of Law In Support of Plaintiff's Motion for Preliminary Injunction." (Doc. no. 3.) Plaintiff requests access to legal information as needed, as well as access to legal supplies and a copy machine. (See id.) Plaintiff also filed a one-sentence motion requesting his case be certified as a class action lawsuit. (See doc. no. 7.) Because this case is due to be dismissed as a sanction for Plaintiff's abuse of the judicial process, these two motions should be denied as moot.

In any event, Plaintiff's filing regarding access to legal materials, though not properly titled as a motion, does not discuss, let alone show Plaintiff can carry, the burden of showing he meets the four prerequisites for obtaining injunctive relief. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)) (requiring movant to show "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.").

Similarly, Plaintiff's conclusory class action motion not only fails to discuss the requirement of Federal Rule of Civil Procedure 23 for certifying a class, but "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)); see also Massimo v.

5

Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (*per curiam*) (affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates).[2]  Simply put, a *pro se* plaintiff proceeding IFP is not permitted to bring a class action on behalf of other prisoners.  See Wallace, 145 F. App'x at 302.

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction and the motions for injunctive relief and certification of a class action be **DENIED AS MOOT**.

SO REPORTED and RECOMMENDED this 12th day of December, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.