IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| RICHARD LYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 619-103 |
| ) | |
| TIMOTHY C. WARD, Commissioner; ) | |
| TERENCE KILPATRICK, Deputy Warden; ) | |
| and DEPUTY WARDEN BROWN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 13.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff provided dishonest information about his filing history. (Doc. no. 9.) Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge, but he asks that the Court excuse his omissions. The Court declines to do so.

First, Plaintiff concedes one of his undisclosed cases counts as a strike under 28 U.S.C. § 1915(g), but he claims his dishonesty concerning that case is "irrelevant" because he has not accumulated three strikes that would bar him from proceeding *in forma pauperis*. (Doc. no. 13, p. 2.) The Magistrate Judge did not recommend dismissal based on the accumulation of three strikes but rather based on Plaintiff's dishonesty in failing to disclose

cases. Plaintiff's failure to disclose cases, regardless of whether one such case counts as a strike, is relevant to the analysis concerning Plaintiff's dishonesty.

Second, Plaintiff's arguments concerning the dates of his undisclosed cases in relation to his release from prison on some undisclosed date in late 2013 and loss of resultant paperwork ring hollow in light of the fact he was able to disclose a case from 2012 and 2013, (doc. no. 1, pp. 2-3). Third, Plaintiff's attempt to distinguish the cases cited in the Report and Recommendation as providing more stringent warnings about possible dismissal for dishonesty fails not only because the complaint form unambiguously directs disclosure of prior cases and strikes, (id. at 2, 4), but also because he signed his complaint under penalty of perjury, (id. at 13). The Court finds no basis to depart from long-settled law that bad faith litigiousness or manipulative tactics warrants dismissal without prejudice. See Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (affirming dismissal of prisoner civil rights complaint as sanction for lying about indigency and history of abusing judicial process).

The Court **DENIES** Plaintiff's request to amend his complaint to include disclosure of the cases cited in the Report and Recommendation, (doc. no. 13, p. 13), because it would "circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history." Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008) (citation omitted)); see also Harris v. Warden, 498 F. App'x 962, 964-65 (11th Cir. 2012) (*per curiam*) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history"). Likewise, the Court **DENIES AS MOOT** the request

2

for appointment of counsel to assist Plaintiff with pursing certification of this case as a class action, (doc. no. 13, p. 14), because the case is due to be dismissed in its entirety.

Accordingly, the Court **OVERRULES** all of Plaintiff's objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, **DENIES AS MOOT** the motions for injunctive relief and certification of a class action, (doc. nos. 3, 7), and **CLOSES** this civil action.

SO ORDERED this 11th day of February, 2020, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA